<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

October 4, 2022

Philip D. Stern
Yongmoon Kim
Kim Law Firm, LLC
411 Hackensack Avenue, Suite 701
Hackensack, NJ 07601
*Attorneys for Plaintiff Samantha Dervitz*

Han Sheng Beh
Hinshaw & Culbertson LLP
800 Third Avenue, 13th Floor
New York, NY 10022
*Attorney for Defendant ARS National Services, Inc.*

<u>**LETTER OPINION FILED WITH THE CLERK OF THE COURT**</u>

Re:   *Dervitz v. ARS National Services, Inc.*
      **Civil Action No. 22-179 (SDW) (JRA)**

Counsel:

Before this Court is ARS National Services, Inc.'s ("Defendant") Motion to Dismiss Plaintiff Samantha Dervitz's ("Plaintiff") Complaint (D.E. 1-1 at 4–27 ("Compl.")) on judicial estoppel grounds (D.E. 8.) Jurisdiction is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Defendant's motion is **GRANTED**.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On March 26, 2021, Plaintiff filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey. (*See In re Dervitz*, No. 21-12488 (Bankr. D.N.J.), D.E. 1 ("Bankr. Pet.").) In doing so, Plaintiff was required to disclose her financial assets in detail, including whether she had any "legal or equitable interest in . . . claims against third parties, whether or not [she had] filed a lawsuit or made a demand for payment." (*Id*. at 13, 15.) Plaintiff did not disclose that she had any such interests. (*Id*. at 15.) In response to another question about the value of any other "contingent and unliquidated" claims, she stated that she had FDCPA "claims/cases" estimated to be worth $1,000 in statutory damages, with actual damages "unknown" and a total value of "unknown." (*Id*.) In July 2021, the Bankruptcy Court discharged Plaintiff of a $30,538 debt, after the bankruptcy trustee found that she had insufficient assets to

pay her creditors.  (*See In re Dervitz*, No. 21-12488 (Bankr. D.N.J.), D.E. 7.)  At no time did Plaintiff update her bankruptcy petition.

Plaintiff filed a putative class action complaint in this lawsuit on December 14, 2021, in the Superior Court of New Jersey, Law Division, Essex County, and Defendants timely removed the suit to this Court on January 13, 2022.  (*See* Compl., D.E. 1.)  The Complaint asserts claims for: (1) violations of the FDCPA (First and Fifth Counts); (2) violations of the New Jersey Consumer Fraud Act ("CFA"), N.J. Stat. Ann. § 56:8-2 (First and Second Counts); (3) negligent disclosure of confidential information (First and Third Counts); and (4) invasion of privacy (First and Fourth Counts).  (Compl. ¶¶ 57–90.)  Defendant subsequently filed the instant motion to dismiss, and the parties have completed briefing.  (D.E. 8, 10, 13.)

## II.   LEGAL STANDARD

"Federal courts possess inherent equitable authority to sanction malfeasance," including through the sanction of judicial estoppel, which "bars a litigant from asserting a position that is inconsistent with one he or she previously took before a court or agency." *Montrose Med. Grp. Participating Sav. Plan v. Bulger*, 243 F.3d 773, 779 (3d Cir. 2001).  The Third Circuit has identified three requirements that must be met before this sanction is imposed: (1) "the party to be estopped must have taken two positions that are irreconcilably inconsistent"; (2) that party must have done so "in bad faith—i.e., with intent to play fast and loose with the court"; and (3) the district court must determine that judicial estoppel is "tailored to address the harm identified and no lesser sanction would adequately remedy the damage done by the litigant's misconduct." *Id.* at 779–80 (quotation marks omitted); *accord Danise v. Saxon Mortg. Servs. Inc*, 738 F. App'x 47, 50 (3d Cir. 2018).

## III.   DISCUSSION

Defendant argues that the Complaint must be dismissed under the doctrine of judicial estoppel because Plaintiff failed to fully disclose her claims against Defendant as assets of her bankruptcy estate and she should not be permitted to benefit from this misrepresentation.  (D.E. 8-7 at 4–12.)  This Court agrees for the reasons discussed below and will therefore dismiss Plaintiff's complaint with prejudice.

Plaintiff's position before this Court is "irreconcilably inconsistent" with her disclosures to the Bankruptcy Court. *Montrose Med. Grp. Participating Sav. Plan*, 243 F.3d at 779; *see Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996).  In her Complaint, Plaintiff alleges that Defendant violated the FDCPA and other legal obligations by disclosing information about her debt to a third-party letter vendor in December 2020.  (Compl. ¶¶ 24–43.)  Plaintiff seeks statutory damages under the FDCPA, treble damages under the CFA, compensatory damages for negligence and invasion of privacy, and other relief for herself and the putative class.  (*Id*. ¶¶ 69, 75, 82, 90.)  However, three months after Defendant made this purported unlawful disclosure, Plaintiff reported to the Bankruptcy Court that she had "no" legal interest in claims against third parties.  (Bankr. Pet. at 13, 15.)  The Bankruptcy Code "imposes on debtors an affirmative duty of full disclosure." *Ryan Operations G.P.*, 81 F.3d at 362; *see generally* 11 U.S.C. § 521.  Plaintiff's vague description of "potential" FDCPA claims worth an estimated $1,000 in statutory damages violated her duty of full disclosure because it did not disclose the additional claims and full extent of damages sought in this lawsuit, which is based on events from three months earlier.  (*See* Compl. ¶¶ 69, 75, 82, 90; Bankr. Pet. at 15.)

This Court finds sufficient evidence that Plaintiff's nondisclosure of these assets was an intentional misrepresentation and not a "good faith mistake." *Ryan Operations G.P.*, 81 F.3d at 362. "[A] rebuttable inference of bad faith arises when averments in the pleadings demonstrate both knowledge of a claim and a motive to conceal that claim in the face of an affirmative duty to disclose." *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 321 (3d Cir. 2003). Here, Plaintiff knew of these claims in December 2020, when the events triggering her several claims against Defendant took place, and she had a motive to conceal them in order to discharge her debts in the bankruptcy proceeding. *See Danise*, 738 F. App'x at 51. Plaintiff was represented by counsel in Bankruptcy Court, and the bankruptcy petition gave clear warnings regarding the duty to provide complete information and the criminal penalties for making false statements in a bankruptcy proceeding. (Bankr. Pet. at 15, 57.) Yet Plaintiff gives no explanation for why the claims were not disclosed where they plainly should have been: as claims against a third party under Schedule A/B, Question 33. (*Id*. at 15.)[1] Thus, the Court can only infer from Plaintiff's vague and incomplete description of these claims that Plaintiff misrepresented her assets to the Bankruptcy Court in bad faith. *See Danise*, 738 F. App'x at 51.

Finally, this Court concludes that judicial estoppel is an appropriate sanction in this case. The Bankruptcy Code's "disclosure requirements are crucial to the effective functioning of the federal bankruptcy system" and "the importance of full and honest disclosure cannot be overstated." *Ryan Operations G.P.*, 81 F.3d at 362. Plaintiff was required to disclose the nature and value of any claims against third parties, whether or not she had filed a lawsuit, and she has not given an adequate explanation for why she failed to do so. (Bankr. Pet. at 15.) Judicial estoppel is "designed to prevent litigants from playing fast and loose with the courts" as Plaintiff did here. *Danise*, 738 F. App'x at 51 (quotation marks omitted). Permitting Plaintiff to proceed with these claims "would potentially confer upon her an unfair advantage over her creditors, who did not receive the full value of their debts, and 'reward her for what appears to be duplicitous conduct in the course of her bankruptcy proceeding.'" *Id.* (quoting *Krystal Cadillac-Oldsmobile GMC Truck, Inc.*, 337 F.3d at 325) (brackets omitted). Accordingly, Plaintiff is judicially estopped from proceeding with her claims against Defendant.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. An appropriate order follows.

                                                      /s/ Susan D. Wigenton
                                       **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
         José R. Almonte, U.S.M.J.

---

[1] Plaintiff argues that, if her disclosures were inadequate, the bankruptcy trustee "could have objected." (D.E. 10 at 13.) However, the Bankruptcy Code requires a bankruptcy debtor, and not a trustee, to disclose the debtor's assets, and Plaintiff cannot evade that duty by suggesting that the burden was on the trustee to investigate assets she omitted or only vaguely described. *See* 11 U.S.C. § 521.